State ex rel. Schwartz v. Davies.

---

## JUSTICE OF THE PEACE.

[Hamilton Circuit Court, August, 1896.]

Swing, Cox and Smith, JJ.

STATE EX REL. SCHWARTZ, PROS. ATT'Y. V. DAVIES.

JURISDICTION OF, IN TOWNSHIP OTHER THAN ONE ELECTED IN.

Where one is usurping the duties of a justice of the peace in a township in which he has not been elected to that office, an action in *quo warranto* will lie against him.

SMITH, J.

On April 29, 1896, a petition was filed in this case, averring in substance, that the relator was the prosecuting attorney of this county, and that he brings this action for and on behalf of this state. That the office of justice of the peace for Cincinnati township, in said county and state, is a public office of trust and profit, under the constitution and laws of the state, the duties of, which are to be exercised within said township; that the defendant is a duly elected and qualified justice of the peace in and for the township of Millcreek, in said county, and that Cincinnati is a city of the first grade of the first class, and situated in Hamilton county.

That Davies for two months before the filing of the petition has entered into and usurped said office of justice of the peace of Cincinnati township, and does still usurp, the same at Cincinnati township, and claims, holds and exercises the privileges, franchises, rights and jurisdictions of a justice of the peace of said Cincinnati township without having been elected as such by the electors of said township, by therein admin-

istering oaths, taking acknowledgments, solemnizing marriages, issuing subpœnas, trying actions, all in said township, without any legal warrant, grounds or right whatever, to the damage and prejudice of the state, and against her dignity.

Wherefore the advice of the court is asked in the premises, and that the defendant be required to answer by what warrant he claims to exercise and enjoy the office of justice of the peace of Cincinnati township, and that he be adjudged not entitled thereto.

To this petition the defendant demurred on two grounds : 1st, that the court has no jurisdiction of the subject of the action ; and, 2d, that the petition did not state facts sufficient to constitute a cause of action, and the question submitted to us is whether the demurrer is well taken.

We understand the petition to contain clear and distinct averments that the defendant, who is a duly elected and qualified justice of the peace of Millcreek township, in this county, but who· has never been elected as a justice of the peace of Cincinnati township, has during the time mentioned been claiming the right to and has exercised the privileges, franchises, rights and jurisdictions of *a justice of the peace of Cincinnati township.* If this be so why, on the allegations of the petition, is this not an usurpation of the office of justice of the peace of that township? It seems entirely clear to us that such is the case, and that on the facts stated he has no right to do so, and that the relator is entitled to the relief sought. It is true that if he is a justice of the peace for Millcreek township he has the right as such to discharge certain functions anywhere within Hamilton county under the provisions of section 582, Revised Statutes. But these things he must do as a justice of the peace of Millcreek township, and not as a justice of the peace of another township in which he may perform them. Any other construction of the law would lead to absurd conclusions.

We suppose the real question in controversy between the parties is this, whether if Davies was a justice of the peace for Millcreek township, when the whole or a part thereof was annexed to Cincinnati township, and he resided in the part so annexed, he thereby became a justice of the peace for that township, and was authorized as such to discharge the duties thereof. But nothing showing or alleging any such facts is set out in the petition, and that question is not properly before us. If it was, it would seem to be settled adversely to the claim of the defendant by the provisions of the statute of March 9, 1896 (O. L., vol. 92, 60), which provides that " no justice may be deprived of his commission until the expiration of the term for which he was elected ; and except in counties containing a city of the first grade of the first class, and except in counties containing a city of the second grade of the first class, if a part of any township is attached to any other township, justices of the peace residing within the limits of that part of the township so attached as aforesaid, shall execute the duties of their office in the township to which the same is attached, in the same manner as if they had been elected for such township."

Under this act, if it were not for the fact by its express terms, it does not apply to counties containing a city of the first grade of the first class, if a part of Millcreek township has been annexed to Cincinnati township, and at the time of such annexation Davies was a duly qualified justice for Millcreek township and he resided in the part so annexed, he would practically become a justice of the peace for Cincinnati township, and be authorized to execute the duties of his office therein. But as has

been said, the statute only applies to counties which do not contain a city of the first or second grade of the first class. We see no reason to doubt the power of the legislature to make such a provision as to the jurisdiction of a justice of the peace, and the validity of the original section applying to counties other than Cuyahoga was upheld in *State ex rel. Neff, Prosecuting Attorney,* v. *Maxfield,* 6 C. D., 11.

If the defendant is usurping the office of justice of the peace of Cincinnati township, there certainly can be no question but that this court has jurisdiction in a proceeding in *quo warranto* to hear and determine his right thereto. If he was, as justice of the peace of Millcreek township, attempting to exercise franchises or do acts as such in Cincinnati township, which the law did not authorize him to do, injunction might be the proper remedy. But that is not this case.

The demurrer to the petition will therefore be overruled, and unless a good and substantial answer is filed by leave of the court judgment will be rendered in favor of the relator, finding that he has no right to hold or exercise any of the privileges, franchises, rights and jurisdictions of a justice of the peace in and for Cincinnati township.

*Burch & Johnson,* for the Relator.

*Outcalt, Granger & Hunt* and *Edward J. Dempsey,* for the Respondent.